UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CAY ADAM RIVERA,**

    **Petitioner,**

v.                                      **Case No. 8:21-cv-2207-TPB-TGW**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

    Cay Adam Rivera, a Florida prisoner, timely filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 6.) After considering the petition, (*id.*), the supporting memorandum, (Doc. 2), the response in opposition, (Doc. 10), and Rivera's reply, (Doc. 14), the petition is denied.

## Procedural Background

    A state court jury convicted Rivera of trafficking in hydromorphone, trafficking in cocaine, trafficking in oxycodone, possession of a short-barreled shotgun, possession of suboxone, possession of methadone, possession of cannabis, and possession of drug paraphernalia. (Doc. 10-1, Ex. B.) The state trial court sentenced him to an overall term of 30 years in prison. (Doc. 10-1,

1

Ex. D.) The state appellate court *per curiam* affirmed Rivera's convictions and sentences. (Doc. 10-1, Ex. O.)

Rivera moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 10-1, Ex. W.) The state court summarily denied Rivera's motion. (Doc. 10-1, Ex. X.) The state appellate court reversed the denial of two grounds and directed the state court to either attach portions of the record conclusively refuting Rivera's claims or hold an evidentiary hearing. (Doc. 10-1, Ex. BB.) After an evidentiary hearing, the state court denied the two remaining claims. (Doc. 10-1, Exs. GG, HH.) The state appellate court *per curiam* affirmed the denial of relief. (Doc. 10-1, Ex. KK.)

## **Facts**[1]

Rivera lived with his girlfriend Lauren Roessner, a roommate named James Earley, and his uncle Armando Fuenmayor in a home Fuenmayor owned in Spring Hill, Florida. After a police investigation, on June 10, 2015, officers searched the home and arrested Rivera. Police seized a necklace that Rivera was wearing. The necklace held keys that opened several safes inside the home's master bedroom. Police found drugs and weapons in the safes, and elsewhere in the master bedroom.

---

[1] The factual summary is based on the trial transcript.

2

Roessner, who was also charged but who cooperated with the State, testified at trial that Rivera was the only person who had access to these safes. She stated that Rivera wore the keys around his neck every day, and that the only copies of the keys were kept inside one safe. Roessner also testified that Rivera had disassembled the electronic keypads on the safes and that the safes could be opened only with the physical keys.

## **Standards of Review**

**The AEDPA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of Rivera's postconviction motion without discussion. This decision warrants deference under

4

§ 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002).

**Ineffective Assistance of Counsel**

Rivera alleges ineffective assistance of trial counsel. Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. But "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Rivera must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, Rivera must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

5

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation and citations omitted); *see also Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of AEDPA deference, the resulting standard of review is doubly deferential.") (internal quotation and citation omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

### **Exhaustion of State Remedies; Procedural Default**

A federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). The exhaustion requirement is satisfied if the petitioner fairly presents his claim in each

6

appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (stating that unexhausted claims that "would be procedurally barred in state court due to a state-law procedural default" provide no basis for federal habeas relief).

A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## Analysis

**Ground One**

Rivera argues that trial counsel was ineffective for failing to call an expert to testify that the safes' keypads were operational. Such evidence would have contradicted Lauren Roessner's testimony that Rivera had disabled the keypads. Thus, Rivera asserts, the expert testimony would have shown that others could access the safes.

At the evidentiary hearing, Rivera's trial counsel testified that he did argue that others had access to the safes, and that an examination of the keypads would have been much more important had the keypads been the only way to open the safes. (Doc. 10-1, Ex. GG, pp. 9, 26-27.) The state court concluded that, "[b]ased on the testimony of [counsel] . . . the decision not to hire an expert in this case was a reasonable trial strategy." (Doc. 10-1, Ex. HH, p. 3.) Accordingly, the state court found that Rivera failed to show deficient performance by counsel. (*Id.*)

The state court's decision was reasonable. Rivera does not rebut, by clear and convincing evidence, the presumption of correctness afforded to the state court's factual finding that counsel's decision was strategic. *See Franks v. GDCP Warden*, 975 F.3d 1165, 1176 (11th Cir. 2020) ("The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact, and a state court's decision concerning that issue is

8

presumptively correct." (quoting *Provenzano v. Singletary*, 148 F.3d 1327, 1330 (11th Cir. 1998))); *DeBruce v. Comm'r, Ala. Dep't of Corr.*, 758 F.3d 1263, 1273 (11th Cir. 2014) (stating that a question "regarding whether an attorney's decision is 'strategic' or 'tactical' is a question of fact").

Counsel's strategic decisions "are entitled to a 'strong presumption' of reasonableness." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (quoting *Richter*, 562 U.S. at 104). A strategic decision does not amount to ineffective assistance unless it is patently unreasonable. *See Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (stating that counsel's strategic decision "will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it") (citation omitted); *see also Franks*, 975 F.3d at 1176 ("Because *Strickland* allows for a range of strategic choices by trial counsel, so too is there considerable leeway for state courts to determine the reasonableness of those choices. . . . For Franks to prevail, then, he would have to show that *no* reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct.").

Rivera does not establish that counsel's strategic decision was patently unreasonable. Counsel concluded that the keypads' operability was not a crucial issue because the keypads were not the only way to open the safes. Counsel did not make an unreasonable strategic choice by deciding not to call

9

an expert regarding a matter that counsel determined was not critical to the defense.

Further, Rivera has not come forward with evidence of the testimony an expert would have provided. A petitioner's burden of showing ineffective assistance "is particularly 'heavy where the petitioner alleges ineffective assistance in failing to call a witness because often allegations of what a witness would have testified to are largely speculative.' " *McKiver v. Sec'y, Dep't of Corr.*, 991 F.3d 1357, 1365 (11th Cir. 2021) (quoting *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006)). Thus, "a petitioner's own assertions about whether and how a witness would have testified are usually not enough to establish prejudice from the failure to interview or call that witness." *Id.*; *see also Streeter v. United States*, 335 F. App'x 859, 864 (11th Cir. 2009) ("[M]ere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof."). Because Rivera does not establish what testimony an expert would have given, he fails to show that counsel was deficient for not calling an expert, or that there is a reasonable probability of a different outcome at trial had counsel done so.

Rivera does not show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. He is not entitled to relief on Ground One.

**Ground Two**

Rivera contends that trial counsel was ineffective for failing to call a private investigator to impeach Roessner's credibility. Rivera contends that a private investigator would have testified that Rivera did not live at the house, and that his fingerprints were not on the safe keypads.

At the evidentiary hearing, defense counsel testified that he did utilize an investigator. He testified that the investigator repeatedly tried to contact homeowner Armando Fuenmayor but was unsuccessful. (Doc. 10-1, Ex. GG, pp. 7-8.) Counsel also testified that whether Rivera in fact lived at the house was not a vital issue because Rivera often spent time there. (*Id.*, pp. 10-11.) Based on this testimony, the state court found that Rivera did not show deficient performance by counsel. (Doc. 10-1, Ex. HH, pp. 3-4.)

The state court's decision was reasonable. Even if there was evidence that Rivera lived elsewhere or that his fingerprints were not on the keypads, that evidence would not account for the fact that the keys Rivera wore around his neck opened the safes containing contraband. Further, Rivera only speculates that evidence that he lived elsewhere would have so affected Roessner's credibility with the jury that there is a reasonable probability of a different outcome at trial. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating that a petitioner's "unsupported allegations" that are "conclusory in nature and lacking factual substantiation" cannot sustain an

11

ineffective assistance claim). And, as in Ground One, Rivera's failure to provide evidence of what an investigator would have testified to at trial renders the claim too speculative to warrant federal habeas relief. *See McKiver*, 991 F.3d at 1365.

The state court's decision did not involve an unreasonable application of *Strickland*. Nor was it based on an unreasonable factual determination. Rivera is not entitled to relief on Ground Two.

**Ground Three**

Rivera asserts that trial counsel was ineffective for failing to call Melissa Bell, a girlfriend, to challenge Lauren Roessner's credibility. Rivera alleges that Bell would have testified that Rivera lived with her, not with Roessner, and that Roessner was angry with Rivera for seeing Bell.

This claim is unexhausted because Rivera did not present it in his state court postconviction motion. (Doc. 10-1, Ex. W.) He attempts to overcome the resulting procedural default by showing cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* allows for federal habeas review of some procedurally defaulted claims of ineffective assistance of trial counsel if there was no counsel in the initial-review collateral proceeding in state court. *Id.* at 17. To excuse a procedural default under *Martinez*, the petitioner must show that the defaulted ineffective assistance of trial counsel claim "is a substantial one, which is to say that [he] must demonstrate that the claim has some merit."

12

*Id.* at 14. A claim that lacks merit or is wholly without factual support is not substantial. *Id.* at 15-16.

Rivera has not established a substantial claim of ineffective assistance of trial counsel. Because Rivera offers no evidence that Bell would have testified as he suggests, this claim is wholly speculative. *See McKiver*, 991 F.3d at 1365. Further, Lauren Roessner testified that Rivera had two or three girlfriends at any given time, and that she knew Melissa Bell was another girlfriend. (Doc. 10-1, Ex. C, pp. 287, 292.) And, as addressed above, Rivera has not shown a reasonable probability of a different outcome at trial if evidence showing he lived elsewhere had been admitted.

Because Rivera has not shown that the underlying claim of ineffective assistance of trial counsel is substantial, he does not meet the cause and prejudice standard under *Martinez* to excuse the procedural default. Nor does he demonstrate the application of the actual innocence exception. Accordingly, Rivera's ineffective assistance claim is procedurally defaulted and cannot afford him federal habeas relief. Ground Three is denied.

**Ground Four**

Rivera argues that trial counsel's misadvice caused him to involuntarily waive his right to testify. Rivera claims that counsel misadvised him that if he testified, the State could bring out details of his criminal history.

13

If not for this misadvice, Rivera asserts, he would have testified that homeowner Armando Fuenmayor let Lauren Roessner and James Earley engage in a drug operation from the home. Rivera also would have testified that police found drugs and weapons on Earley, thus suggesting that Earley was the responsible party. Rivera would have testified that he lived with Melissa Bell, not Roessner, and that Fuenmayor gave him a set of keys to the house and several vehicles. Rivera also contends that he was lured to the property at the time of the search by police who posed as animal control officers and claimed there was a problem with the dogs he kept there.

Ground Four is unexhausted because Rivera did not raise it in his state postconviction motion. (Doc. 10-1, Ex. W.) Rivera has not overcome the procedural default under *Martinez* because he has not established a substantial claim of ineffective assistance of trial counsel. Even assuming that Rivera received misadvice, he has not shown a reasonable probability of a different outcome at trial had he testified.

First, testifying that Fuenmayor let Roessner and Earley use the property for a drug operation and that Earley was found with contraband fails to prove that Rivera had no involvement and was not liable for the items found in and near the safes. Nor would such testimony offset the evidence that the keys Rivera kept on his necklace opened these safes. Second, even if Rivera had testified that he lived with Melissa Bell and did not live at the house in

14

question, for the same reasons addressed in Ground Three, Rivera has not established a reasonable probability that this testimony would have changed the outcome of trial.

Next, Rivera does not show prejudice as a result of his not testifying about police posing as animal control officers. He indicates that he would have testified that he was not present on the property when police arrived and merely went there to address a supposed issue concerning the dogs. But Rivera does not show that such testimony establishes that he did not live or engage in illicit activities at the property. Moreover, the jury heard that some police who responded to the house posed as animal control officers, that Rivera was not inside the residence when police arrived, and that he "showed up" at the property. (Doc. 10-1, Ex. C, pp. 38, 49.)

Considering the State's evidence of guilt, Rivera does not show a reasonable probability of a different outcome at trial had he testified. He therefore does not show that he was prejudiced by any misadvice from counsel about testifying. Having failed to show a substantial claim of ineffective assistance of trial counsel, Rivera does not excuse the procedural default of this claim through the cause and prejudice exception under *Martinez*. Nor does he establish that the actual innocence exception applies to excuse the default. Ground Four does not warrant relief.

15

**Ground Six**

Rivera contends that trial counsel was ineffective for not challenging the arrest warrant, and for not moving to suppress the keys police seized from him during the arrest. Rivera states that the affidavits supporting the arrest warrant concerned three drug purchases made at the house by a confidential informant. Rivera asserts that because these affidavits were defective, the arrest warrant was invalid. He therefore contends that the search incident to this unlawful arrest, which resulted in police seizing the keys, was also unlawful.

Rivera acknowledges that his claim is unexhausted. (Doc. 14, p. 15.) He seeks to excuse the default by applying the cause and prejudice exception under *Martinez*. Rivera has not shown that the defaulted claim is substantial. The crux of Rivera's claim is that the three affidavits executed in support of the arrest warrant were so deficient that they invalidate the arrest warrant. But the Court has denied Rivera's motion to expand the record to include these affidavits. (Doc. 26.) Thus, Rivera has not established a factual basis on which to find that he has raised a substantial claim of ineffective assistance of counsel. Rivera does not excuse the default by application of the cause and prejudice exception, as addressed in *Martinez*. Nor does the exception for

fundamental miscarriages of justice apply. As Rivera has not overcome the procedural default, Ground Six warrants no relief.

**Ground Five**

Rivera argues that he is entitled to relief based on the cumulative effect of counsel's alleged errors. This claim is unexhausted, as Rivera concedes. Rivera has not overcome the resulting procedural default. Even if he did, this claim would be denied. "Under the cumulative-error doctrine, a sufficient agglomeration of otherwise harmless or nonreversible errors can warrant reversal if their aggregate effect is to deprive the defendant of a fair trial." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1284 (11th Cir. 2014). A cumulative error claim must fail when none of the "individual claims of error or prejudice have any merit." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012). Because each individual claim of error lacks merit, Rivera cannot show entitlement to relief on his cumulative error claim.

Accordingly, it is **ORDERED** that Rivera's amended petition, (Doc. 6), is **DENIED**. The **CLERK** is directed to enter judgment against Rivera and to **CLOSE** this case.

It is further **ORDERED** that Rivera is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). The district court or circuit court of appeals must first issue a

certificate of appealability. To obtain a certificate of appealability, Rivera must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Rivera has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Rivera must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2024.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**